CHICAGO, B. & Q. R. CO. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 28, 1912.)

No. 3,636.

*(Syllabus by the Court.)*

1. PENALTIES (§ 32*)—NEGATIVING EXCEPTIONS—TRANSPORTATION OF LIVE STOCK—TWENTY-EIGHT HOUR LAW.

It is not essential to the recovery of a penalty under the Twenty-Eight Hour Law (Act June 29, 1906, c. 3594, 34 Stat. 607 [U. S. Comp. St. Supp. 1909, p. 1178]) that the government should negative the excuse embodied in section 3. That excuse is a separate topic, a defense, and the burden is on the defendant to establish it.

[Ed. Note.—For other cases, see Penalties, Cent. Dig. §§ 26–30; Dec. Dig. § 32.*]

2. CARRIERS (§ 37*)—TRANSPORTATION OF LIVE STOCK—TWENTY-EIGHT HOUR LAW—ENJOYMENT OF FOOD, ETC., BY ANIMALS ESSENTIAL TO EXCUSE.

That excuse is that the animals can and do have proper food, water, space, and opportunity to rest in the cars which transport them.

The facts that their owner or caretaker, who accompanies them, agrees with the railroad company to care for, feed, and water them, and that food and water with which he might have performed his contract were easily accessible to him on his way, are insufficient to establish this ex-

cuse, where the animals are knowingly and willfully confined by the company more than 28 hours, and they do not actually have proper food and water or space and opportunity to rest during the transportation.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 95, 927; Dec. Dig. § 37.*]

3. CARRIERS (§ 37*)—TRANSPORTATION OF LIVE STOCK—TWENTY-EIGHT HOUR LAW—KNOWINGLY AND WILLFULLY CONFINING ANIMALS THAT LACK PROPER FOOD CONSTITUTES OFFENSE.

It is not essential to the recovery of the penalty that proof be made that the defendant knew that the animals did not have proper food, water, or space to rest in the cars which carried them. It is sufficient that it knowingly and willfully confined them more than 28 hours, and the animals did not have proper food, water, space, and opportunity to rest in the cars which transported them.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 95, 927; Dec. Dig. § 37.*

Liability of carrier for failure to feed, water, and rest live stock, and for violation of the 28-hour law, see note to St. Joseph Stockyards Co. v. United States, 110 C. C. A. 435.]

In Error to the District Court of the United States for the District of Nebraska.

Action by the United States of America against the Chicago, Burlington & Quincy Railroad Company. Judgment for plaintiff (184 Fed. 984), and defendant brings error. Affirmed.

Arthur R. Wells (James E. Kelby, on the brief), for plaintiff in error.

F. S. Howell, U. S. Atty.

Before SANBORN and CARLAND, Circuit Judges.

SANBORN, Circuit Judge. In an action against the railroad company under the Twenty-Eight Hour Law (Act June 29, 1906, c. 3594, 34 Stat. 607 [U. S. Comp. Stat. Supp. 1907, p. 918, Supp. 1909, p. 1178]), the court below instructed the jury to return a verdict for the plaintiff, and that ruling is specified as error.

[1] Section 1 of the Twenty-Eight Hour Law provides that no railroad company engaged in interstate transportation of cattle, swine, or other animals shall confine them for a longer period than 28 consecutive hours without unloading them for rest, water, and feeding, except in cases not material in this suit; and section 3 provides that any railroad company which knowingly and willfully fails to comply with this provision shall forfeit and pay a penalty of not less than $100 nor more than $500, "provided that when animals are carried in cars in which they can and do have proper food, water, space and opportunity to rest the provisions in regard to their being unloaded shall not apply."

[2] It is not indispensable to a recovery of a penalty under this statute that the government should negative the excuse embodied in the proviso. That excuse is a separate topic, a defense, and the burden is on the defendant to establish it. New York Central & Hudson R. Ry. Co. v. United States, 165 Fed. 833, 837, 91 C. C. A. 519, 523; Chitty on Pleadings, *246, *247. It is that the animals can and do

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

have proper food, water, space, and opportunity to rest in the cars which transport them. The facts that their owner or caretaker, who accompanies them, agrees to care for, feed, and water them on their way, and that food and water with which he might have performed his agreement were easily accessible to him, are not sufficient to establish this excuse, where the animals are knowingly and willfully confined more than 28 hours and they do not actually receive proper food, or water, or space and opportunity to rest.

[3] Nor is it essential to the recovery of the penalty that proof should be made that the defendant knew that the animals did not receive proper food, water, or space to rest in the cars which transported them. It is enough that the railroad company knowingly and willfully confined them more than 28 hours, and the animals did not have proper food, water, space, and opportunity to rest in the cars that carried them during the transportation.

The proof in this case was conclusive that the animals were confined 72 hours in a car which contained them and other emigrant movables while it was hauled from Minneapolis to Bertrand, Neb. There was evidence that, when the car left Minneapolis, the caretaker, who accompanied it under a contract with the railroad company that he would feed, water, and care for the stock, had a barrel of water, 400 pounds of hay, and a bushel of oats in the car to feed three horses, two cows, and one hog; that about an hour after the defendant in this case received this car at Sioux City, Iowa, which was about 18 hours after it left Minneapolis, this caretaker, who was in the car, told the conductor that he had plenty of room and would feed and water the animals in the car; that the conductor thereupon indorsed on the car waybill, "Man in charge, has feed and water in car, O. K.," and thereafter none of the servants of the defendant examined the interior of the car, or learned by actual observation whether or not the animals had food or water, and they relied on this memorandum of the conductor. The record contains evidence from which the jury might find that this stock had proper water and proper space and opportunity to rest in the car, but none that would sustain a verdict that they had proper food. The view of the evidence most favorable to the company goes no further than to tend to show that when the animals left Sioux City, about 65 hours before they reached Bertrand, where they were first unloaded, there was feed enough in the car to give them one meal, there is no evidence that any more feed went into the car during the trip, and horses and cattle which do not have more than food enough for one meal in 2½ days do not have proper food.

The judgment below is affirmed.